UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH SANCHEZ, DAVID
GONZALEZ and ADAN SANCHEZ,

    Plaintiffs,                              CASE NO.:

vs.

LA CANTINA COCINA MEXICANA,
INC.,

    Defendant.                 /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, ELIZABETH SANCHEZ, DAVID GONZALEZ and ADAN SANCHEZ (hereinafter collectively referred to as, "Plaintiffs") were employees of Defendant, LA CANTINA COCINA MEXICANA, INC., ("LA CANTINA" or "Defendant") and bring this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2.    This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.    At all times material hereto, Plaintiffs were residents of Volusia County, Florida.

4.    Defendant, LA CANTINA, conducts business in Volusia County, Florida,

1

therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, LA CANTINA, a Florida Profit Corporation, is in the business of operating a restaurant located at 4085 S Ridgewood Ave, Port Orange FL 32127.

6. Plaintiff, ELIZABETH SANCHEZ was employed by Defendant as a server from on or around January 2019 through July 2020.

7. Plaintiff, DAVID GONZALEZ was employed by Defendant as a bartender from on or around January 2019 through July 2020.

8. Plaintiff, ADAN SANCHEZ was employed by Defendant as a server from on or around May 2019 through July 2020.

## COVERAGE

9. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

11. At all material times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

      b. Engaged in the production of goods for commerce; or

      c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. utensils, cooking equipment, credit card machines and/or other restaurant supplies).

13. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

14. Defendant, LA CANTINA, is a company classified as a restaurant.

15. Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

16. Plaintiffs were employees of Defendant within the meaning of the FLSA.

17. Plaintiffs regularly worked in excess of forty (40) hours per week throughout their employment with Defendant.

18. Plaintiff, ELIZABETH SANCHEZ earned tips only, with no direct wage paid by Defendant, for work performed as a server from on or around January 2019 through July 2020.

19. Plaintiff, DAVID GONZALEZ earned tips only, with no direct wage paid by Defendant, for work performed as a bartender from on or around January 2019 through July 2020.

20. Plaintiff, ADAN SANCHEZ earned tips only, with no direct wage paid by Defendant, for work performed as a server from on or around May 2019 through July 2020.

21. As a result of Defendant's failure to pay Plaintiffs a direct wage, Plaintiffs' gross weekly wages fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

22. As a result of Defendant's failure to pay Plaintiffs a direct wage, Plaintiffs did not

receive time and one-half compensation for hours worked over forty (40) per week during one or more workweeks contrary to §207(a) of the FLSA.

23. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiffs.

24. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

25. Defendant had acted willfully in failing to pay Plaintiffs in accordance with the law.

26. Defendant failed to maintain proper time records as mandated by law.

### **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

27. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-26 above.

28. Plaintiffs were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

29. From on or about January 2019 through July 2020 during her employment with Defendant, Plaintiff ELIZABETH SANCHEZ worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

30. From on or about January 2019 through July 2020 during his employment with Defendant, Plaintiff DAVID GONZALEZ worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

31. From on or about May 2019 through July 2020 during his employment with Defendant, Plaintiff ADAN SANCHEZ worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

32. Plaintiffs should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

33. Defendant had knowledge of the overtime hours worked by Plaintiffs.

34. Defendant is aware of the laws which require its employees be paid overtime compensation on a week by week basis.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

36. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper overtime wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

38. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant;

    a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c.    Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d.    Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES

39.    Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-26 above.

40.    Plaintiff, ELIZABETH SANCHEZ was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a server for Defendant from on or around January 2019 through July 2020.

41.    Plaintiff, DAVID GONZALEZ was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a bartender for Defendant from on or around January 2019 through July 2020.

42.    Plaintiff, ADAN SANCHEZ was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a server for Defendant from on or around May 2019 through July 2020.

43.    Plaintiffs are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendant pursuant to 29 C.F.R. 778.5.

44.    As a result of Defendant's failure to pay Plaintiffs a direct wage, Defendant failed to compensate Plaintiffs at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

45.    Defendant was aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

46.    Despite its knowledge of these laws, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

48. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

50. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

   a. Awarding Plaintiffs their unpaid minimum wages;
   b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;
   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and
   d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/19/2021.

Respectfully submitted by,

/s/ Kimberly De Arcangelis

KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiffs